RONALD LYNN BULLARD, BY HIS NEXT FRIEND, SYLVESTER H. BRANT-
LEY, v. EVA SHEFFIELD, HOBART SHEFFIELD, ROBERT WAYNE
ADKINS, BY HIS GUARDIAN AD LITEM ODELIA A. WILLIAMS, AND
JAMES MONROE WILLIAMS.

(Filed 14 December, 1966.)

**Automobiles §§ 41g, 43—    Act of driver turning left into side of vehicle
traveling in opposite direction held sole cause of intersection accident.**

Plaintiff was a passenger in one of the cars involved in the collision and sued the drivers of both the vehicles. Plaintiff's evidence tended to show that the vehicle in which he was riding was traveling east, that the other driver was traveling west on the same street, and that after the vehicle in which plaintiff was riding entered the intersection the other driver turned his vehicle to the left into the side of the car in which plaintiff was riding. *Held:* Nonsuit should have been entered in favor of the driver of the car in which plaintiff was riding, since such driver was not required to anticipate and guard against the other driver's negligent act, and therefore the negligence of the driver turning left into the side of the ve-

hicle in which plaintiff was riding was the sole proximate cause of the injury.

PARKER, C.J., and BOBBITT and SHARP, J.J., concur in the result.

APPEAL by defendants Robert Wayne Adkins, by his Guardian *ad litem*, and James Monroe Williams from *Hall, J.,* at August 1966 Civil Term of LEE County Superior Court.

The plaintiff alleges that on 16 June, 1965, at about 11:30 P.M., he was riding as a passenger in the right front seat of a 1960 Chevrolet automobile going east on McIver Street in Sanford. The car was owned by the defendant J. M. Williams as a family purpose car and was being operated at that time by the defendant Robert Wayne Adkins, a member of his household. Defendant Eva Sheffield was operating the other car going west on McIver Street. It was owned by the defendant Hobart Sheffield as a family purpose car. As the two cars approached the intersection of McIver and Market Streets, and each other, the defendant Sheffield was driving her car to and fro across and to the left of the center line of McIver Street, and the two cars collided in the intersection. As a result of the impact the plaintiff alleged that he was seriously and permanently injured.

All the defendants deny the specific allegations of negligence, and pray that plaintiff recover nothing.

Pending the trial the plaintiff took the adverse examination of defendant Adkins. When it was offered at the trial several questions arose, but in view of our determination of the case it is not necessary to consider them.

Adkins testified, in his adverse examination, that when both cars were some distance from Market Street that he noticed the Sheffield car weaving across the center of McIver Street. He proceeded along McIver Street at 20 to 25 miles an hour until he was within 15 or 20 feet of Market Street when he applied his brakes and slowed down. He then proceeded to cross Market Street, but when he was near the center thereof the Sheffield car, without giving any signal, suddenly turned to its left into the left side of the Adkins car. As a result of the impact the Adkins car was knocked upon the curbing of the southeastern corner of Market and McIver Streets.

The plaintiff offered no other evidence as to the event, but did offer Mr. Conder, a police officer who arrived shortly after the collision. He testified as to the location of the cars, etc., all of which corroborated Adkins.

Mrs. Sheffield was not examined by the plaintiff, nor did she testify in her own behalf.

At the conclusion of plaintiff's evidence the defendants Adkins

and Williams made motions for judgment as of nonsuit, which were denied.

The defendants offered no evidence and renewed their motions for judgment as of nonsuit. The motions were overruled and the issues were submitted to the jury. They returned a verdict in favor of the plaintiff for $19,500.00.

Defendants Adkins and Williams appealed.

*Pittman, Staton & Betts for plaintiff appellee.*
*Holding, Harris, Poe & Cheshire for defendant appellants.*

PLESS, J. All of the tire marks and debris, as well as the location of the vehicles after the accident indicated that Adkins was at all times on his right side of the street. His car was damaged at the left front door, thus bearing out his testimony that Mrs. Sheffield turned to the left. He said she gave no signal — nobody said she did. To let the case go to the jury as to Adkins would mean that he was negligent in not foreseeing that she would turn suddenly into the side of his car, and that to avoid this he should have stopped somewhere prior to entering the intersection. We cannot so hold.

*Aldridge v. Hasty*, 240 N.C. 353, 82 S.E. 2d 331, is quite similar to this case. In the following excerpt we have substituted the names of the parties in this case for those in the opinion. Otherwise the quotation is exact. "The defendant was traveling * * * in the line of travel which was the right side of the highway. Sheffield cut her car to the left across and upon the Adkins lane of travel at a time when Adkins' vehicle was only 20 or 25 feet away. The road was straight * * * no special hazards existed which required Adkins to reduce his speed below the maximum provided by law. And in the absence of warning he was not required to anticipate and guard against the negligent conduct of Sheffield. Under those circumstances Adkins, irrespective of his speed, could not have avoided a collision with the Sheffield car * * * The conduct of Sheffield rendered the collision unavoidable, insulated any prior negligence of Adkins, and must be held to be the sole proximate cause of the collision."

*Butner v. Spease*, 217 N.C. 82, 6 S.E. 2d 808, contains a fine compilation of various decisions in automobile accident cases. Its brilliant author, the late Chief Justice Stacy, put into concise and pithy form the import of many rulings. Two of them are particularly applicable here: " 'The law only requires reasonable foresight, and when the injury complained of is not reasonably foreseeable, in the exercise of due care, the party whose conduct is under investigation is not answerable therefor. Foreseeable injury is a requisite of prox-

imate cause, and proximate cause is a requisite for actionable negligence, and actionable negligence is a requisite for recovery in an action for personal injury negligently inflicted.' " Also, "The test is to be found in the probable consequences reasonably to be anticipated, and not in the number or exact character of events subsequently arising."

Applying these principles, we are of the opinion that the motions of defendants Adkins and Williams for judgment as of nonsuit should have been allowed.

Reversed.

PARKER, C.J. and BOBBITT and SHARP, J.J., concur in the result.